**CITY OF FAIRBANKS, Appellant,**

v.

**ALASKA DEPARTMENT OF LABOR, International Brotherhood of Electrical Workers, Local 1547, Appellees.**

No. 3396.

Supreme Court of Alaska.

Nov. 4, 1988.

James M. Mullen, Deputy City Atty., Fairbanks, for appellant.

Helene M. Antel, Anchorage, for appellee Intern. Broth. of Elec. Workers, Local 1547.

John B. Gaguine, for amicus curiae Alaska Public Employees Ass'n.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

The question presented in this appeal is whether the state Labor Relations Agency's decision allowing the International Brotherhood of Electrical Workers (IBEW) to represent a bargaining unit composed of supervisory personnel employed by the Fairbanks Municipal Utilities System was error in light of the fact that IBEW also represents a bargaining unit which consists of rank and file employees of the Utility System. We conclude that there was no error for the reasons expressed in part III of the opinion of the superior court set forth in the appendix.

AFFIRMED.

APPENDIX

IBEW is currently the exclusive bargaining agent for a unit of rank and file employees of [the Municipal Utilities System (MUS)]. MUS contends that the [Public Employment Relations Act (PERA)] does not permit IBEW to also represent the unit at issue in this case.

 The PERA does not itself address the question of dual representation. The [Labor Relations Agency (LRA)] has long held that since the Act does not prohibit the practice and since the selection of a bargaining representative is a matter of employee choice, dual representation is permissible. LRA Order and Decision No. 8 at 1, 3 (January 17, 1974). This is the sort of question which implicates the LRA's special expertise; the Agency is in a better position than the court to evaluate the impact of dual representation on the collective bargaining process. Therefore, this court

will uphold the LRA's action so long as it has a reasonable basis. *See Kelly v. Zamarello*, 486 P.2d 906, 916 (Alaska 1971).

The legislature has defined the term "organization" for purposes of the PERA. AS 23.40.250[4] provides that

> "[O]rganization" means a labor or employee organization of any kind in which employees participate and which exists for the primary purpose of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment and conditions of employment.

There is nothing in the language of this definition which suggests that an otherwise qualified labor organization could not represent two different bargaining units within the same public employer. Indeed, the use of the phrase "labor organization of any kind" suggests the contrary.

Furthermore, LRA's policy in this matter is consistent with the purpose of the PERA and Alaska case law. When the legislature enacted the statute in 1972, it declared that

> It is the public policy of the state to promote harmonious and cooperative relations between government and its employees and to protect the public by assuring effective and orderly operations of government. These policies are to be effectuated by
>
> (1) recognizing the right of public employees to organize for the purpose of collective bargaining;
>
> (2) requiring public employers to negotiate with and enter into written agreements with employee organizations on matters of wages, hours, and other terms and conditions of employment.

AS 23.40.070. The court has said that AS 23.40.070(1) and (2) make a strong statement in favor of public employees' right to organize and bargain collectively. *Anchorage Municipal Employees' Association v. Municipality of Anchorage*, 618 P.2d 575, 578 (Alaska 1980). The strength of the policy statement led the court in that case to decline to construe another provision of the act in a manner which would interfere with the employees' assertion of those rights. *Id.*

The particular right at issue here is specifically guaranteed by the PERA. AS 23.40.080 provides that public employees may themselves choose their representative for collective bargaining purposes. The court has said that "It can no longer be disputed that the right to affiliate with the union of one's choice is the right of the public employee as well as the private employee." *Kenai Peninsula Borough School District v. Kenai Peninsula Borough School District Classified Association*, 590 P.2d 437, 439 (Alaska 1979). Furthermore, it has been recognized that associational rights of this character are rooted in the protections afforded by the First Amendment. *Id.*

The appellant has not presented any arguments which would warrant interference in the exercise of MUS employees' right of self-determination. The LRA's policy permitting dual representation is reasonable, given the language of the PERA and its purpose. Therefore, LRA's decision on this issue is affirmed.